940 F.2d 1539
 Unpublished Disposition
NOTICE: Tenth Circuit Rule 36.3 states that unpublished opinions and orders and judgments have no precedential value and shall not be cited except for purposes of establishing the doctrines of the law of the case, res judicata, or collateral estoppel.
Leon STRANGE, Plaintiff-Appellant,
v.
James SAFFEL, Attorney General, State of Oklahoma,
Defendants-Appellees.
 Nos. 90-6402, 91-6031.
 United States Court of Appeals, Tenth Circuit.
 Aug. 8, 1991.
 
 Before STEPHEN H. ANDERSON, TACHA and BRORBY, Circuit Judges.
 ORDER AND JUDGMENT*
 STEPHEN H. ANDERSON, Circuit Judge.
 
 
 1
 After examining the briefs and appellate record, this panel has determined unanimously that oral argument would not materially assist the determination of this appeal. See Fed.R.App.P. 34(a); 10th Cir.R. 34.1.9. The cause is therefore ordered submitted without oral argument.
 
 
 2
 Leon Strange appeals from a denial of his fifth petition for a writ of habeas corpus (no. 90-6402), and from a subsequent order of the district court denying his motion for a rehearing (no. 91-6031). In his petition he alleged that his conviction and sentence in state court were obtained in violation of the Fifth, Sixth, and Fourteenth Amendments to the United States Constitution, setting forth three grounds. He also alleged substantive change in intervening state law, and invoked interests of justice and fundamental fairness. The district court dismissed the petition on the ground that it constituted an abuse of the writ. On appeal Strange reargues his petition before the district court, and contends that the district court erred both factually and legally in its analysis, and failed to address the due process issue.
 
 
 3
 Petitioner's contentions are fairly outlined in the memorandum opinion of the district court filed November 30, 1990, a copy of which is attached hereto. We have carefully considered all of the arguments made by Mr. Strange in the district court and on appeal. We have also reviewed the file with respect to Strange's prior habeas petitions. Essentially for the reasons stated in the district court's memorandum opinion, a copy of which is attached hereto, we conclude that the district court did not error in its conclusion that Strange has not shown by a preponderance of the evidence that his current petition is not an abuse of the writ.
 
 
 4
 Because we find petitioner has not demonstrated the issues raised are debatable among jurists, Barefoot v. Estelle, 463 U.S. 880 (1983), we DENY his applications for a certificate of probable cause in both appeals. Petitioner has filed additional motions in these cases. They are all DENIED. Both appeals are DISMISSED.
 
 
 5
 The mandate shall issue forthwith.
 
 ATTACHMENT
 IN THE UNITED STATES DISTRICT COURT FOR THE
 WESTERN DISTRICT OF OKLAHOMA
 
 6
 Leon Strange, Petitioner,
 
 
 7
 vs.
 
 
 8
 James Saffle and the Attorney General of the State of
 
 
 9
 Oklahoma, Respondents.
 
 CIV-90-1425-W
 
 10
 Nov. 30, 1990.
 
 MEMORANDUM OPINION
 
 11
 Petitioner, a state prisoner appearing pro se and in forma pauperis, has filed a petition for habeas corpus relief pursuant to 28 U.S.C. Sec. 2254. The Respondent has filed a motion to dismiss pursuant to Rule 9(b), Rules Governing Section 2254 Cases, 28 U.S.C., asserting an abuse of the writ, and the Petitioner has responded thereto. Thus, the motion is at issue.
 
 
 12
 In this proceeding, the Petitioner challenges his convictions in Case Nos. 34,295 and CRF-69-115 in the District Court of Oklahoma County, Oklahoma, wherein the Petitioner pled guilty to one count of first degree murder and one count of attempted armed robbery, and received a life sentence and 99-year sentence, respectively. The Petitioner contends that he was sent to a state mental hospital for purposes of evaluating his mental competency, but upon his return to the Court, he was not given a post-examination competency hearing, "made mandatory by state statutes." The Respondent contends that the petition should be dismissed as an abusive petition, as Petitioner has filed four previous habeas corpus petitions with this Court, the most recent being Case No. CIV-87-1942-W, Strange v. Saffle, (W.D.Okla., October 26, 1987), wherein this Court ruled that the petition constituted an abuse of the writ. In response to the motion to dismiss, the Petitioner claims that he could not have asserted this claim earlier because the Oklahoma statutes did not require the post-examination competency hearing until 1985, and his access to legal materials has been limited since 1985 to requesting copies of items from the law library. Thus, he claims he was unaware of the change in the law until recently.
 
 
 13
 A federal court may dismiss a subsequent or successive petition for a writ of habeas corpus if "it fails to allege new or different grounds for relief and the prior determination was on the merits or, if new and different grounds are alleged, the judge finds that the failure of the petitioner to assert those grounds in a prior petition constituted an abuse of the writ." Rules Governing Section 2254 Cases, 9(b), 28 U.S.C. This rule is repeated in slightly different words in 28 U.S.C. Sec. 2244(b), which states that a court need not consider a petition unless it "alleges and is predicated on a factual or other ground not adjudicated on the hearing of the earlier application for the writ, and unless the court, justice, or judge is satisfied that the applicant has not on the earlier application deliberately withheld the newly asserted ground or otherwise abused the writ." Coleman v. Saffle, 869 F.2d 1377, 1380 (10th Cir.1989). The Tenth Circuit has held that "courts should dismiss subsequent petitions when the petitioner has offered no reasonable explanation why he did not raise his claim in the earlier application." The Court specifically held that a petitioner must "show that he or his counsel in the earlier petition did not intentionally abandon or inexcusably neglect the new claim," and "that he did not deliberately withhold the claim or at least has a good reason for not purposely raising it." Id. The standard of review is that a petitioner must show "by a preponderance of the evidence" that he did not know of the specific legal or factual grounds for the claim when he filed his earlier petition, or that the law has changed since the earlier petition. Id. The Court stressed that the Petitioner "ultimately bears the burden of persuasion, and the Supreme Court plainly has instructed federal courts to dismiss petitions, even in capital cases, when petitioners fail to prove that they have not abused the writ." Id. (citation omitted).
 
 
 14
 Although the Petitioner attempts to indicate that he has been unable to obtain physical access to a library since 1985, this did not prevent his access to legal materials nor did it prohibit him from filing his previous petition in 1987, which was denied by this Court as abusive. Thus, the Court finds that the Petitioner has not met his burden of persuasion by a "preponderance of the evidence" that he has good reason for failing to raise his current claim in the earlier federal habeas petition. Thus, the petition constitutes an abuse of the writ.
 
 
 15
 In any event, the Petitioner challenges a state statute, without indicating that he was denied any right approaching constitutional dimension. In Pulley v. Harris, 465 U.S. 37 (1984), the Supreme Court reiterated that unless a constitutional violation occurs at trial, the claim in governed by state law and is not cognizable in federal habeas proceedings. Id. at 41. The Petitioner does not otherwise challenge the voluntariness of his plea, but merely states that he was not afforded a post-examination hearing as is now provided by Okla.Stat.Tit. 22 Sec. 1175.4. However, as the Respondents indicate, the statute was adopted in 1985 and the Petitioner was convicted in 1969. An examination of the relevant statutes effective in 1969, Okla.Stat. tit. 22 Sec. 1162, et seq., reveals that the Petitioner was not entitled to a post-examination hearing, if the examining doctors found him to be presently sane, and Petitioner does not allege that he was found to be insane. Thus, under the Oklahoma statutes then in effect, the suspended criminal proceedings were allowed to proceed. The Court is aware of no retroactive requirements as a result of the 1985 statute, and thus the Petitioner is not entitled to relief in any event.
 
 
 16
 The Petitioner's assertion of Pate v. Robinson, 383 U.S. 375, 385 (1966) is inappropriate, as that case only required a competency hearing when there is a "bona fide doubt" as to an accused's mental competence to stand trial, rather than in every case as the Petitioner claims. See also, Arnold v. U.S., 432 F.2d 871, 873 (10th Cir.1970); U.S. v. Newman, 733 F.2d 1395, 1400 (10th Cir.1984). As Pate was a 1966 case, this issue clearly was not "intervening" and could have been raised in one of the four prior proceedings.
 
 
 17
 In accordance with the above, the Petition is dismissed.
 
 
 18
 IT IS SO ORDERED this 30th day of November 1990.
 
 
 19
 /s/ LEE R. WEST
 
 UNITED STATES DISTRICT JUDGE
 
 
 *
 This order and judgment has no precedential value and shall not be cited, or used by any court within the Tenth Circuit, except for purposes of establishing the doctrines of the law of the case, res judicata, or collateral estoppel. 10th Cir.R. 36.3